# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 14-61103 |
| RICHARD VARNER, | CHAPTER 7 |
| Debtor. | JUDGE RUSS KENDIG |

**MOTION OF DEBTOR, RICHARD VARNER, TO REOPEN BANKRUPTCY CASE PURSUANT TO 11. U.S.C § 350(B) AND RULES 4007(b) AND 5010 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, FOR LEAVE TO FILE ADVERSARY PROCEEDING SEEKING DETERMINATION THAT CERTAIN PREPETITION TAX DEBTS HAVE BEEN DISCHARGED**

Richard Varner, the Debtor in the above-captioned chapter 7 case (the "Debtor"), by and through his undersigned counsel, hereby moves (the "Motion"), pursuant to section 350(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 4007(b) and 5010 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), this Court for entry of an order reopening the above-captioned chapter 7 case, without the payment of an additional filing fee, so that Debtor may file a complaint, substantially in the form attached to the Motion as Exhibit 1, commencing an adversary proceeding, pursuant to Bankruptcy Code sections 523 and 727 and Bankruptcy Rule 4007, seeking a declaration that certain prepetition tax debts were discharged upon the entry of the discharge on July 16, 2015 in his above-captioned bankruptcy case. In support of this Motion, the Debtor states the following:

## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(a) and (b), 28 U.S.C. §157(a) and (b), and 28 U.S.C. §151, and General Order No. 2012 entered

on April 4, 2012 by the United States District Court for the Northern District of Ohio. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (I), and (O).

## Background

2. On October 2, 2013, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.[1]

3. On January 21, 2014, the United States Trustee for Region 9 commenced an adversary proceeding against the Debtor by the filing of a complaint seeking an order denying the Debtor's discharge pursuant to sections 727(a)(2)(A) and (a)(4)(A) of the Bankruptcy Code. The U.S. Trustee alleged, *inter alia*, that Debtor made false oaths within his bankruptcy petition and concealed or transferred assets with the intent to hinder, delay or defraud creditors.

4. At trial, the evidence showed that prior to filing for Bankruptcy, Debtor was a successful businessman who owned and operated approximately twenty car dealerships, known as the Courtesy Auto Group. Despite this success, two issues ultimately lead to the necessity of Debtor's bankruptcy.

5. The first of these issues was the "Great Recession" of 2009, which caused a reduction in demand for automobiles, which also limited available credit. As a result of the lack of available credit funding, Debtor was forced to liquidate his inventory to meet

---

[1] The case was commenced in the Akron Court location before Hon. Marilyn Shea-Stonum (now retired) and assigned case no. 13-52864. Upon the retirement of Hon. Marilyn Shea-Stonum, the case was transferred to Hon. Alan Koschik. On May 9, 2014, Hon. Alan Koschik recused himself and the case was transferred to the Canton Court location, assigned to the Hon. Russ Kendig, and designated Case No. 14-61103. The adversary proceeding discussed below was also transferred to the Canton Court location, assigned to Hon. Russ Kendig, and designated adversary proceeding no. 14-6021.

creditor's demands for payment. Even after the creditors had collected on their collateral, large amounts of outstanding debts remained.

6. Secondly, Courtesy Auto Group's accountant, without Debtor's knowledge, took certain actions which also lead to the downfall of the business. The accountant was responsible for the filing of both the business's and Debtor's personal tax returns. Despite this responsibility, in 2006 Debtor was made aware that the accountant failed to file any of the tax returns since 2001.

7. After gaining access to the accountant's office, Debtor and IRS found drawers full of letters concerning the missing tax returns. Debtor's new accountant filed the missing returns, including the individual return for the 2003 tax year, which were filed with the IRS on September 24, 2007. Based on these returns, the business's and Debtor's tax liability was approximately $8 million dollars.

8. Additionally, prior to the Petition Date, the Debtor filed tax returns for the years 2006 through 2009. These tax returns for the years 2006 through 2008 were not timely filed due to financial issues surrounding the Great Recession.

9. As part of the repayment process prior to the Petition Date, the Debtor's home was foreclosed, and his insurance accounts, stock accounts, sports memorabilia, etc., were liquidated. As a result of the liquidation of these items and the Debtor's efforts, prior to his bankruptcy filing, the Debtor's liability to the IRS was reduced from $8 million to $1.6 million.

10. Following the trial on the merits and after consideration of the post-trial briefs, on June 30, 2015, the Court entered a Memorandum Opinion and Order denying the U.S.

Trustee's complaint because the Debtor lacked the requisite intent needed to deny his discharge and dismissing the U.S. Trustee's complaint.

11. The IRS' filed a proof of claim, in Debtor's Bankruptcy asserting secured claims in the amount of $1,768,456.45 for tax years 2003 and 2008 and unsecured priority claims in the amount of $1,779,329.12 for tax year 2007 [Claim No. 2-2.]

12. On July 16, 2015, the Bankruptcy Court granted the Debtor's discharge. After the Chapter 7 Trustee, Dynelle Schinker-Kuharich, completed her administration of the case and distributed non-exempt assets to creditors, the Debtor's bankruptcy case was closed on March 23, 2016.

13. Since the date his case was closed, the IRS has taken the position that the Debtor's 2003 tax liability was excepted from his discharge and has begun offsetting the Debtor's current tax refunds against this pre-petition tax liability. The IRS has begun forced collections, including liens and levies. Because there were additional trust fund recovery penalties due from Debtor for 2008, the IRS and Debtor entered into a voluntary Installment Agreement. Recently that Agreement was vacated, and the IRS is again beginning forced collection efforts.

14. Debtor believes his 2003 tax liability was not excepted from the Debtor's discharge. As more fully set forth in the attached adversary complaint, section 523(a)(1) states in pertinent part:

**(a)** A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
    **(1)** for a tax or a customs duty--
        **(A)** of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;
        **(B)** with respect to which a return, or equivalent report or notice, if required--

> **(i)** was not filed or given; or
> **(ii)** was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or
>
> **(C)** with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.

15. Essentially, section 523(a)(1) only excepts from discharge those tax debts where (1) The due date for filing a tax return was less than three years before the petition date; (2) the tax return was filed less than two years prior to the petition date; (3) the tax assessment was made within 240 days prior to the petition date; (4) the tax return was fraudulent; or (5) the taxpayer willfully attempted to evade or defeat the tax. In this case, none of these provisions are applicable to the Debtor's 2003 tax liability. The Debtor's 2003 tax returns were filed with the IRS on September 24, 2007. The Debtor's returns satisfy the three year and two- year rules.

16. There is no suggestion that the return was fraudulent or that the Debtor willfully attempted to evade or defeat his tax liability. The facts adduced during the section 727 trial, as noted above, show that prior to his bankruptcy filing, the Debtor, upon learning of his accountants misdeeds, filed his outstanding returns and made significant effort to pay the tax due, as reflected in the reduction of his outstanding tax liability from approximately $8 million to $1.6 million. Thus, the Debtor's tax liability was not excepted from his discharge.

17. Notwithstanding, the IRS, without explanation, is taking the position that the Debtor's 2003 tax liability is excepted from his discharge.

18. Thus, the Debtor now respectfully requests this Court reopen his Bankruptcy Case without the payment of an additional filing fee to afford him the opportunity to

commence an adversary proceeding pursuant to Bankruptcy Code sections 523 and 727 and Bankruptcy Rule 4007 seeking a determination that his 2003 tax debt was discharged by virtue of this Court's July 16, 2015 discharge order and a declaration that attempts to collect on this tax debt violate the discharge injunction pursuant to section 524 of the Bankruptcy Code.

### Law and Analysis

I. **CAUSE EXISTS TO REOPEN THE DEBTOR'S CASE**

19. On motion of a debtor or other party in interest, bankruptcy cases may be reopened in the court in which such case was closed "to administer assets, to accord relief to the debtor, or for other cause." 11. U.S.C. §350 (B) and Fed. R. Bankr. P. 5010. "A dispute regarding dischargeability is cause for reopening a closed case." *In re Kochetov*, 2016 WL 1180230 (B.A.P. 9th Cir.) (citing *Menk v. Lapaglia* (*In re Menk*), 241 B.R. 896, 910 (9th Cir. BAP 1999) and *In re Ford*, 87 B.R. 641, 644 – 45 (Bankr. D. Nev. 1988)). Whether to grant a motion to reopen is entrusted to the sound discretion of the bankruptcy court. *In re McCoy*, 560 B.R. 684, 685 (B.A.P. 6th Cir. 2016) (allowing a case to be reopened for the purpose of determining judicial lien avoidance). In exercising their discretion, bankruptcy courts consider the "equities of each case with an eye toward the principles which underlie the Bankruptcy Code." *Id*. In this case, reopening the Debtor's bankruptcy case will afford him relief and serve one of the primary principles underlying the Bankruptcy Code, the "Fresh Start."

20. It is long established that a central purpose of bankruptcy relief is "to relieve the honest debtor from the weight of oppressive indebtedness and permit him to start fresh free from the obligations and responsibilities consequent upon business misfortunes." *Williams v.*

*U.S. Fidelity & G. Co.,* 236 U.S. 549, 554-55 (1915)(addressing the bankruptcy act which preceded the Code, but the purpose for which applies equally to the Code). To obtain that "fresh start," debtors "are entitled to do what they can to ensure a comprehensive discharge, get the case behind them, and get on with their lives." *In re John L. McKinnon*, 165 B.R. 55, 58 (Bankr. D. Me. 1994). Granting the reopening of the Debtor's bankruptcy case so that he can seek a determination, pursuant to Bankruptcy Code sections 523 and 727 and Bankruptcy Rule 4007, that his 2003 tax liability was not excepted from his discharge will afford the Debtor relief and meet this central purpose of the Bankruptcy Code.

21. Courts have granted relief under section 350(B) and allowed closed bankruptcy cases to be reopened to seek a determination as to the dischargeability of pre-petition tax debt. For instance, in *Mass. Dept. of Revenue v. Crocker* (*In Re Crocker*), 362 B.R. 49 (1st Cir. BAP 2007), the Bankruptcy Appellate Panel for the First Circuit Court of Appeals affirmed the bankruptcy court's decision to reopen the debtors' case enabling the debtors to commence an adversary proceeding against, *inter alia*, the IRS for the purpose of determining dischargeability of their federal tax liabilities. The appellate court found that the bankruptcy court properly exercised its discretion and allowed the case to be reopened to determine whether debtors' prepetition tax liability to the IRS and to a state taxing authority was discharged. *Id.*, *accord In Re Kochetov*, 2016 WL 1180230, (*citing Lopez v. Speciality Restaurants Corp. (In re Lopez)*, 283 B.R. 22, 27 (9th Cir. BAP 2002) (citing *Kozman v. Herzig (In re Herzig)*, 96 B.R. at 264, 266 (9th Cir. BAP 1989)); *In re Snyder*, 91 B.R. 717, 718 (Bankr. E.D. PA 1988).

22. In addition, Bankruptcy Rule 4007(b) provides that a "case may be reopened without the payment of an additional filing fee for the purpose of filing a complaint to obtain a

determination" of the dischargeability of any debt. The Debtor, here, is seeking to reopen his case for exactly that purpose and should be authorized to do so without the filing of an additional fee.

### Conclusion and Prayer for Relief

WHEREFORE, the Debtor respectfully requests the Court enter an order, pursuant to Bankruptcy Code section 350(b) and Bankruptcy Rules 4007(b) and 5010, granting his Motion to Reopen without the payment of an additional filing fee thereby enabling him to file an adversary proceeding seeking a determination with respect to the dischargeability of his pre-petition tax liability pursuant to Bankruptcy Code sections 523 and 727 and Bankruptcy Rule 4007 and granting such other relief as the Court believes appropriate and warranted under the facts of this case.

Respectfully Submitted,

/s/Julie K. Zurn
Julie K. Zurn (0066391)
Marc B. Merklin (0018195)
BROUSE McDOWELL LPA
388 South Main St., Suite 500
Akron, OH 44311
Tel: 330 – 535- 5711
Fax: 330 – 253 - 8601
jzurn@brouse.com
mmerklin@brouse.com

Counsel for Richard Varner

### CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2021 a copy of this Motion was served via ECF on the Office of the United States Trustee and by certified mail to:

Attorney General of the United States
U.S. Department of Justice Tax Division
Civil Trial Section, Northern Region

P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044

Office of the United States Attorney
Attn: Bankruptcy Section
Carl B. Stokes United States Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113-1852

Internal Revenue Service
P.O. Box 7346
Philadelphia, Pennsylvania 19101-7346
FAX: (855) 235-6787


Internal Revenue Service
Insolvency Group 6
1240 East Ninth Street, Room 493
Cleveland, Ohio 44199

/s/ Julie K. Zurn
Julie K. Zurn (0066391)
Marc B. Merklin (0018195)
BROUSE McDOWELL LPA
388 South Main St., Suite 500
Akron, OH 44311
Tel: 330 – 535- 5711
Fax: 330 – 253 - 8601
jzurn@brouse.com
mmerklin@brouse.com