The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.



**Russ Kendig**
**United States Bankruptcy Judge**

Dated: 03:18 PM November 15, 2021

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| RICHARD W. VARNER, | ) | CASE NO. 14-61103 |
| | ) | |
| Debtor. | ) | RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

On July 9, 2021, Debtor moved the court to reopen his bankruptcy case so he can file an adversary proceeding to declare certain tax debt discharged. The United States of America objects to reopening, arguing dischargability should be determined in the action pending in the United States District Court for the Northern District of Ohio. The parties presented their positions at a hearing held on November 1, 2021.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. General Order 2012-7. This is a statutorily core matter under 28 U.S.C. § 157(b)(2)(I) and the court has authority to enter final orders in this matter. Pursuant to 28 U.S.C. § 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

# BACKGROUND

Debtor filed a chapter 7 petition on October 2, 2013 and received a discharge on July 16, 2015. He listed millions of dollars of tax debt in his petition and the Internal Revenue Service ("IRS") filed an amended claim in excess of $4,000,000.00. Debtor contends the IRS is attempting to collect discharged tax debt, which the IRS denies. In September 2021, the IRS filed an action in the United States District Court for the Northern District of Ohio seeking (1) a judgment for penalties owed from nonpayment of trust fund taxes, (2) a finding that its tax liens attach to real property held by Pacific Trader Ltd., an entity owned by Debtor, and (3) a judgment for Debtor's nondischargeable income tax liabilities. The IRS argues the bankruptcy court should cede jurisdiction of the dischargeability issue to district court, which is able to fully address all its claims.

# DISCUSSION

A decision to reopen a case is left to the sound discretion of the bankruptcy court. Smyth v. Edamerica, Inc. (In re Smyth), 470 B.R. 459, 461 (B.A.P. 6th Cir. 2012) (citing Zirnhelt v. Madaj (In re Madaj), 149 F.3d 467, 468 (6th Cir. 1998). The Bankrutpcy Code permits reopening of a case "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Courts have reopened cases to determine dischargeability of tax debt. Mass. Dep't of Revenue v. Crocker (In re Crocker), 362 B.R. 49 (B.A.P. 1st Cir. 2007); In re Wolff, 175 B.R. 27 (Bankr. E.D. Ark. 1994); In re Rundle, 1991 WL 335833 (BAnkr. N.D. Ill. 1991). The question is whether the court should exercise its discretion and reopen the case, or whether it should abstain and allow the district court case to proceed. For the following reasons, the court declines to reopen the case.

The same principles that guide permissive abstention under 28 U.S.C. § 1334(c)(1) and equitable remand under 28 U.S.C. § 1452(b) propel the court's decision against reopening. Both doctrines allow the court to consider the interests of justice and comity to abstain from hearing a matter over which it otherwise has jurisdiction. Because of their similarity, the analysis for both is nearly identical. Parrett v. Bankr One, N.A. (In re Nat'l Century Fin. Enter., Inc.), 323 F.Supp.2d 861, 885 (S.D. Ohio 2004) (citations omitted).

> Factors to consider in deciding whether to equitably remand a case include: "1) duplicative and uneconomical use of judicial resources in two forums; 2) prejudice to the involuntarily removed parties; 3) forum non conveniens; 4) the state court's ability to handle a suit involving questions of state law; 5) comity considerations; 6) lessened possibility of an inconsistent result; and 7) the expertise of the court in which the matter was originally pending."

Id. (quoting Mann v. Waste Mgmt. of Ohio, Inc., 253 B.R. 211, 214–15 (N.D. Ohio 2000);

*accord* In re Underwood, 299 B.R. 471, 478 (Bankr. S.D. Ohio 2003)). These factors tend against reopening.

Forcing either party to litigate the dischargeability issue in bankruptcy court, only to present that declaratory judgment to district court, is a waste of resources. District court has original jurisdiction of bankruptcy matters and can review this court's decisions. Allowing it to decide the dischargeability directly makes more sense than piecemeal litigation. The IRS has also made a jury demand, which district court is far better equipped to handle. District court is a closer forum to the parties than the Canton bankruptcy court, making it more convenient. Since factual issues between the IRS claims and the dischargeability issue may overlap, allowing one court to make all factual findings would avoid any inconsistent results.

Moreover, the specific involvement of this court is not warranted because reopening will not materially impact or advance the bankruptcy case. This principle is illustrated by courts that abstain from section 505 determinations when exercising jurisdiction will not further section 505's goals of "prompt administration of the bankruptcy case and protection of creditor interests." Shapiro v. United States (In re Shapiro), 188 B.R. 140, 144 (Bankr. E.D. Penn. 1995); see also Kopp v. United States (In re Kopp), 355 B.R. 296, 300 (Bankr. N.D. Okla. 2006); In re Palij, 202 B.R. 27 (Bankr. D. N.J. 1996). These considerations also align with several permissive abstention factors:

> 1) the effect or lack of effect on the efficient administration of the estate if a court abstains; 2) the extent to which state law issues predominate over bankruptcy issues; 3) the difficulty or unsettled nature of the applicable state law; 4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; 5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; 6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; 7) the substance rather than form of an asserted 'core' proceeding; 8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; 9) the burden of this court's docket; 10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; 11) the existence of a right to a jury trial; 12) the presence in the proceeding of nondebtor parties; and 13) any unusual or other significant factors.

In re Nat'l Century Fin. Enter., Inc., 323 at 885 (citing Mann, 253 B.R. at 214; *accord* Underwood, 299 B.R. at 471; In re York, 291 B.R. 806, 816 (Bankr. E.D. Tenn. 2003)). Since this is a two-party dispute between Debtor and the IRS which will not require further administration in the bankruptcy case, the limited bankruptcy purpose does not necessitate reopening. District court can competently and ably address the dischargeability matter as a subset of the other tax issues before it.

The court will deny the motion to reopen by separate order to be issued in conjunction with this opinion.

# # #

**Service List:**

Julie K. Zurn
Brouse McDowell
388 South Main Street, Suite 500
Akron, OH 44311

Anderson P. Heston
Philip L. Bednar
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044